Roy S. THORP and Helene T. Thorp, Plaintiffs-Appellants-Petitioners,

v.

TOWN OF LEBANON, and County of Dodge, Defendants-Respondents-Cross Petitioners.

Supreme Court

*No. 98–2358. Oral argument January 6, 2000.—Decided June 21, 2000.*

2000 WI 60

(Also reported in 612 N.W.2d 59.)

611

For the plaintiffs-appellants-petitioners, there were briefs by *E. Joseph Kershek* and *Kershek Law Offices*, Milwaukee, and oral argument by *E. Joseph Kershek*.

For the defendant-respondent-cross petitioner Town of Lebanon, there were briefs by *Michael J. Cieslewicz, Patti J. Kurth* and *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee, and oral argument by *Michael Cieslewicz*.

For the defendant-respondent-cross petitioner Dodge County, there were briefs by *John M. Moore, W. Scott McAndrew, Sheila M. Sullivan* and *Bell, Gierhart & Moore, S.C.*, Madison, and oral argument by *W. Scott McAndrew*.

¶ 1. N. PATRICK CROOKS, J. Petitioners, Roy S. Thorp and Helene T. Thorp, seek review of a published court of appeals decision,[1] which affirmed in part and reversed in part a Dodge County Circuit Court order granting summary judgment. The circuit court granted summary judgment to the Town of Lebanon ("the Town") and the County of Dodge ("the County") in an action brought by the Thorps when the Town and the County failed to rezone the Thorps' property back to a rural development zoning classification from a general agricultural classification. The Thorps brought three claims, alleging that 1) the rezoning of their property to general agricultural was invalid and violated their right to equal protection and due process, 2) the rezoning amounted to inverse condemnation and a taking without just compensation, and 3) they were denied a fair and impartial hearing before the County Board.

¶ 2. In an earlier unpublished decision, the court of appeals determined that the notice provisions in Wis. Stat. § 893.80(1)(1993–94)[2] did not apply to the Thorps' federal constitutional claims. *Thorp v. Town of Lebanon*, No. 96–2449, unpublished slip op. at 13 (Ct. App. May 15, 1997). On remand, the circuit court granted summary judgment to the Town and the County. The circuit court dismissed the Thorps' federal constitutional claims on summary judgment because

---

[1] *Thorp v. Town of Lebanon and County of Dodge*, 225 Wis. 2d 672, 593 N.W.2d 878 (Ct. App. 1999).

[2] All subsequent references to the Wisconsin Statutes are to the 1993–94 text unless otherwise noted. Wisconsin Stat. § 893.80 sets forth the prerequisites to filing an action against governmental bodies. Subsections (1)(a) and (b) of the statute state what notice is necessary to commence and maintain such an action.

the Thorps did not first avail themselves of any state law remedies.

¶ 3. The Thorps appealed. On the second appeal, the court of appeals affirmed the circuit court's decision to dismiss the Thorps' claims of deprivation of substantive and procedural due process. *Thorp v. Town of Lebanon and County of Dodge*, 225 Wis. 2d 672, 689, 697, 593 N.W.2d 878 (Ct. App. 1999). However, it concluded that the Thorps' "complaint does state a claim for relief under the equal protection clause." *Id.* at 691.

¶ 4. We affirm. We first hold that according to *Felder v. Casey*, 487 U.S. 131 (1988), the Thorps did not have to comply with the Wisconsin notice statute to bring their federal constitutional claims. Further, the Thorps complied with Wis. Stat. § 893.80(1)'s notice provisions. Second, the Thorps' complaint stated a valid claim for relief under the Equal Protection Clause, but not a claim for the denial of substantive due process. Third, the Thorps are barred at this time from bringing a procedural due process claim because certiorari was an adequate state law remedy available to them when they brought their initial action. Finally, the Town should not be dismissed from the suit. The Thorps would be entitled to relief from the Town if they would succeed in proving that the Town's actions in amending the ordinance violated their right to equal protection.

I.

¶ 5. The Thorps own approximately 255 acres in the Town of Lebanon, which is located in Dodge County. The property is a mix of open land, woods, and wetlands, with some of the land being within the floodplain. Before July 7, 1994, the Thorps' land was zoned to a rural development classification.

¶ 6. The process of rezoning the Thorps' land began in 1993, when the Town of Lebanon Board of Supervisors conducted a survey to determine whether public opinion would favor rezoning Town land. On July 7, 1994, the Town Board of Supervisors approved a new rezoning map that extensively revised the zoning classification of most of the Town land from a rural development classification to a general agricultural classification. The Town Board also asked the Dodge County Board of Supervisors to adopt the same zoning map.

¶ 7. In October 1994, the Dodge County Board of Supervisors amended its "official zoning map" to incorporate the Town's zoning reclassifications. The Thorps' land was one of the properties reclassified from rural development to general agricultural. According to the Thorps, the change in zoning substantially interfered with the use of their property and had a material adverse effect on its value. The Thorps' attorney sent a letter to both the Town and the County on November 21, 1994, notifying them that the rezoning was handled improperly and requesting that the property be rezoned to a rural development classification.

¶ 8. On November 28, 1994, the Thorps filed a petition with the Town of Lebanon Plan Commission to rezone the non-wetland and floodplain areas of their property, which constituted approximately 155–165 acres. The Town Plan Commission denied their petition in February 1995, and they appealed to the Town Board of Supervisors. The Town Board of Supervisors voted to grant the Thorps' request and authorized approximately 165 acres to be rezoned to its original classification.

¶ 9. The Thorps then petitioned the Dodge County Planning and Development Department to con-

firm the Town Board of Supervisors' vote. They also brought a petition before the Dodge County Planning and Surveyor Committee in March 1995. The County Planning and Surveyor Committee voted to confirm the Town Board of Supervisors' vote. However, a few days later the County Board of Supervisors voted against the Thorps' proposed rezoning. The Thorps' entire property therefore retained its general agricultural classification.

¶ 10. On May 23, 1995, the Thorps filed a summons and complaint stating three claims against the Town and the County and seeking declaratory, injunctive, and monetary relief. First, the Thorps alleged that the Town and the County's zoning ordinance was invalid and violated their due process and equal protection rights.[3] In support of their claim, they alleged that the Town Zoning Committee did not consist of five members, as required by Wis. Stat. § 60.61(4). The Thorps also stated that their property is best suited for rural development because it has poor soil for agriculture. Moreover, "the Town and [the] County left numerous 'islands' throughout the Town that have not been rezoned and have been left with a rural development classification without any logical explanation." (R. at 1:4.) Finally, they alleged that a survey conducted

---

[3] In their complaint, the Thorps specifically claimed that

the present classification of the Plaintiffs' property prohibiting its use for rural development is arbitrary, discriminatory and unreasonable; it bears no reasonable relation to the public health, safety and general welfare of the Town of Lebanon and Dodge County; it is not designed to accomplish the stated Town and County zoning purposes; it amounts to an unlawful exercise of police power; and deprives the Plaintiffs of their property without due process and/or equal protection of the laws as set forth in the United Stated [sic] and State of Wisconsin Constitution.

(R. at 1:4.)

before the zoning change showed the Town residents did not object to residential development and that the Town misread another soil survey map. (R. at 1:4–5.)

¶ 11. Second, the Thorps claimed that the rezoning amounted to an inverse condemnation and taking of their land, for which they were not justly compensated. They alleged that the rezoning resulted in a substantial decrease in the property's value per acre, as well as a permanent and substantial interference with the use and enjoyment of the land. (R. at 1:5.)

¶ 12. Third, the Thorps claimed that they were denied a fair and impartial hearing. The complaint stated that the Dodge County Planning and Surveyor Committee voted 4–1 to grant the Thorps' rezoning request and that Betty Balian, the Town Board Chairman, cast the only negative vote. The complaint further alleged that chair of the County Planning and Surveyor Committee informed the County Board of Supervisors that the vote was 3–2, and that he cast one of the negative votes. According to the complaint, Balian also made numerous misrepresentations to the Board of Supervisors relating to the Thorps' motives for requesting the zoning change, and yet failed to recuse herself from voting on the issue. (R. at 1:5–6.)

¶ 13. In response, the Town and the County moved to dismiss the Thorps' complaint for failure to comply with the notice requirements contained in Wis. Stat. § 893.80(1)(a)–(b). The circuit court, the Honorable Daniel W. Klossner presiding, agreed and granted the motion to dismiss on that basis. Citing *Felder*, 487 U.S. 131, the court concluded that a "simple allegation of constitutional violations does not render Sec. 893.80, Stats., inoperative." (R. at 20:9.)

¶ 14. The Thorps appealed. In an unpublished decision, the court of appeals affirmed in part and

reversed in part the circuit court. The court of appeals affirmed the decision of the circuit court to dismiss the Thorps' takings claim. The court held that the Thorps' complaint failed to state a claim for a taking under either federal or state law. *Thorp*, No. 96–2449, unpublished slip op. at 11. The Thorps' complaint was flawed, the court determined, because it did "not provide a basis for concluding that the rezoning deprived the Thorps of all or substantially all practical uses of the property." *Id.*

¶ 15. Recognizing that the claims were brought under 42 U.S.C. § 1983, the court of appeals reversed the circuit court's dismissal of the Thorps' federal constitutional claims. *Thorp*, slip op. at 5–6, 13. Since the claims were grounded in the federal constitution, the court concluded that they were not subject to the notice requirements in Wis. Stat. § 893.80(1). *Id.* at 7. The court remanded the case to the circuit court to reinstate the Thorps' deprivation of due process and equal protection claims. *Id.* at 13.

¶ 16. The Town and the County then filed motions for summary judgment. The County argued that because adequate state post-deprivation remedies existed, the Thorps could not assert their federal constitutional claims. The Town additionally argued that the Town Board's actions did not violate the Thorps' constitutional rights. The circuit court granted their motions, holding that the Town was not liable for the rezoning as a matter of law, since the Town Board had voted in favor of rezoning the Thorps' property back to rural development. The circuit court also determined that the Thorps failed to avail themselves of adequate state remedies, and therefore, they could not then base their claims on the federal constitution.

¶ 17. On the Thorps' second appeal,[4] the court of appeals held that the circuit court could hear the parties' motions for summary judgment, even if the motions were untimely, since the circuit court reasonably interpreted its own ambiguous scheduling order.[5]

---

[4] The court of appeals did not address the Thorps' claim for inverse condemnation under Wis. Stat. § 32.10 and takings under the federal Constitution. The court noted that in its first opinion, it held that the "allegations of the complaint were insufficient to state a claim for relief" for inverse condemnation or takings under either federal or state law. *Thorp*, 225 Wis. 2d at 682 n.3. The Thorps did not petition this court for review of this issue, and therefore, we will not consider it. (Pet. Review at 1–2.)

[5] The parties and circuit court treated the procedural posture of this case as one for summary judgment. As the court of appeals discussed, *Thorp*, 225 Wis. 2d at 684, a circuit court evaluates a motion for summary judgment using a two-part methodology. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). A circuit court must first "examine the pleadings to determine whether a claim for relief has been stated" by the moving party and then ascertain whether any material facts are disputed. *Id.* If a claim for relief has been stated and no material facts are disputed, then summary judgment will be granted. *Id.* This court applies the same standards as the circuit court when it reviews a motion for summary judgment. *Kierstyn v. Racine Unified School Dist.*, 228 Wis. 2d 81, 88, 596 N.W.2d 417 (1999) (citing *Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980)).

The circuit court's analysis centered on the allegations contained in the complaint because the Town and the County submitted no evidentiary materials with their motions for summary judgment. The circuit court's analysis necessarily ended with the conclusion that the Thorps' pleadings did not state a claim for relief. Because the motions for summary judgment lacked any evidentiary materials, the circuit court properly could have treated them as requesting dismissal of the com-

*Thorp*, 225 Wis. 2d at 683 (citing *Schultz v. Schultz*, 194 Wis. 2d 799, 802, 535 N.W.2d 116 (Ct. App. 1995)). The court of appeals then determined that the Thorps did not state a claim for a deprivation of procedural due process. *Id.* at 688–89. The court stated that "the Thorps have not suffered a deprivation of property without procedural due process if there is an adequate state remedy." *Id.* at 688. Common law certiorari provides an adequate state post-deprivation remedy, but the Thorps did not seek review of the County Board's decision to deny their rezoning request by certiorari. *Id.* at 689. Furthermore, none of the factual allegations contained in the complaint constituted a basis for a substantive due process claim. *Id.* at 698–99. However, the Thorps' factual allegations relating to the lack of a reasonable basis for the change in zoning did state a claim for a violation of equal protection. *Id.* at 691. Finally, the court of appeals held that the Town could not be dismissed from the action. The Thorps could recover from the Town if they proved that the Town's actions in amending the ordinance deprived them of equal protection. *Id.* at 700.

## II.

■

¶ 18. We first consider the issue of whether the Thorps complied with Wis. Stat. § 893.80(1)—the notice of claim statute. We address the issue of whether the Thorps complied with the state notice provision because the Thorps based their claims on both the state constitution and the federal Constitution, and they

---

plaint. We agree with the court of appeals, *Thorp*, 225 Wis. 2d at 684, that for the purpose of this appeal, it is immaterial whether the motions were for summary judgment or dismissal.

alleged that the Town violated Wis. Stat. § 69.61(4). Moreover, the issue of whether the Thorps complied with § 893.80(1) was one of the issues presented in the Thorps' petition for review, and the parties addressed it in their briefs before this court. (Pet. Review at 1–2.) "The application of a statute to a given set of facts is a question of law," which we review *de novo*. *DNR v. City of Waukesha*, 184 Wis. 2d 178, 189, 515 N.W.2d 888 (1994).

¶ 19. We begin our analysis by noting that the Thorps brought this action in part under 42 U.S.C. § 1983.[6] State courts have jurisdiction over actions brought under 42 U.S.C. § 1983. *Riedy v. Sperry*, 83 Wis. 2d 158, 160, 265 N.W.2d 475 (1978). Section 1983 provides a tort remedy when the government, acting under the color of state law,[7] deprives a person of his or her rights under federal law or the United States Constitution. *Weber v. City of Cedarburg*, 129 Wis. 2d 57, 65, 384 N.W.2d 333 (1986). It does not create any substantive rights. *Penterman v. Wisconsin Elec. Power*

---

[6] 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[7] "Under color of state law" is defined as a " '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. . . .' " *Weber v. City of Cedarburg*, 129 Wis. 2d 57, 65 n.3, 384 N.W.2d 333 (1986) (quoting *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled on other grounds, Monell v. Department of Soc. Serv. of New York*, 436 U.S. 658 (1978)).

*Co.*, 211 Wis. 2d 458, 472, 565 N.W.2d 521 (1997). A municipality is subject to liability under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Soc. Serv. of New York*, 436 U.S. 658, 690 (1978).

¶ 20. Although the Thorps' complaint does not expressly state that the claims are brought under 42 U.S.C. § 1983, a complaint does not have to identify § 1983 explicitly as the source for the remedy a plaintiff seeks. *Boldt v. State*, 101 Wis. 2d 566, 584, 305 N.W.2d 133 (1981). *See also Riedy*, 83 Wis. 2d at 160. To be actionable under § 1983, the complaint must simply allege that a person acting under the color of state law deprived the plaintiff of a right under federal law or the federal constitution. *Id.*; *Penterman*, 211 Wis. 2d at 472. We conclude that this action was brought under § 1983 since the complaint alleges that the Town and the County violated the Thorps' federal constitutional rights by implementing a local zoning ordinance.

¶ 21. We hold that according to *Felder*, 487 U.S. 131, the Thorps did not have to comply with Wis. Stat. § 893.80(1) to bring their federal constitutional claims. In *Felder*, the United States Supreme Court held that a federal civil rights action brought in state court preempts § 893.80(1)'s notice requirements. 487 U.S. at 138. The underlying rationale is that according to the federal Supremacy Clause, " '[t]he relative importance to the State of its own law is not material when there is a conflict with a valid federal law,' for 'any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to

624

federal law, must yield.' " *Id.* (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)). Here, the Thorps brought their claims pursuant to 42 U.S.C. § 1983, and therefore, their federal claims are not barred by § 893.80(1).

¶ 22. Moreover, the Thorps fulfilled Wis. Stat. § 893.80(1)'s notice provisions for the purpose of claiming that the Town failed to comply with Wis. Stat. § 60.61(4) and that the Town and the County violated the Wisconsin constitution as well. Section 893.80(1)[8] contains two notice provisions. Each provision must be

---

[8] **Wisconsin Statute 893.80(1)(a)–(b). Claims against governmental bodies or officers, agents or employes; notice of injury; limitation of damages and suits.**

(1) Except as provided in subs. (1m) and (1p), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe; and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed.

satisfied since each serves a different purpose. *Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 593, 530 N.W.2d 16 (Ct. App. 1995) (citing *Colburn v. Ozaukee County*, 39 Wis. 2d 231, 238, 159 N.W.2d 33 (1968)).

¶ 23. Subsection (1)(a) is the notice of injury provision. *Id.* at 592. The notice of injury provision allows governmental entities to "investigate and evaluate" potential claims. *Id.* at 593 (citing *Mannino v. Davenport*, 99 Wis. 2d 602, 610, 299 N.W.2d 823 (1981)). It states that an action cannot be brought against a governmental entity unless a signed "written notice of the circumstances of the claim" is served on the governmental entity within 120 days of the initial event. Wis. Stat. § 893.80(1)(a). Even if a claimant fails to comply with the 120-day deadline, however, the claimant may still comply with subsection (1)(a) by showing that the governmental entity had actual notice of the claim and was not prejudiced by the claimant's failure to give the requisite notice. § 893.80(1)(a). *See also DNR v. City of Waukesha*, 184 Wis. 2d at 197.

¶ 24. A governmental entity must affirmatively plead that a plaintiff did not comply with Wis. Stat. § 893.80(1)(a). *Elkhorn School Dist. v. East Troy School Dist.*, 110 Wis. 2d 1, 5, 327 N.W.2d 206 (Ct. App. 1982). A plaintiff then needs to prove that the plaintiff gave formal notice or actual notice and that the governmental entity was not prejudiced by actual, rather than formal, notice. *Id.* Both the Town and the County affirmatively plead the Thorps' lack of compliance with the Wisconsin notice statute. (R. at 3:6; 5:6.) The Thorps, however, also met their burden of proof.

¶ 25. The Thorps complied with subsection (1)(a) by providing notice within 120 days of the initial

event.[9] On November 21, 1994, approximately one month after the zoning change became official, the Thorps notified the Town and the County of their request to rezone their property by letter. This letter complied with the 120-day formal notice requirement.

¶ 26. Moreover, the Thorps' letter set forth "written notice of the circumstances of the claim," permitting the Town and the County to evaluate and investigate the possibility of rezoning the Thorps' property. *Vanstone*, 191 Wis. 2d at 595 (quoting *Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973)). The letter stated that the zoning ordinance was "improper" because "the methods and procedures utilized by the Town of Lebanon and Dodge County were defective." (R. at 10:5.) The letter then proceeded to specify in detail what procedures were defective. First, the letter alleged that the Town Zoning Committee consisted of three members, not five, contrary to Wis. Stat. § 60.61(4). Second, citing Wis. Stat. § 60.61(2), the letter alleged that the Town "may [not] have had any jurisdiction to act in rezoning the entire town" since the County already had adopted a county zoning ordinance. (R. at 10:5.) Third, the letter claimed that the zoning map demonstrated the discriminatory nature of the zoning ordinance. Fourth, according to the letter, the Town Zoning Committee also used a ·

---

[9] We note the court of appeals' decision in *Kapischke v. County of Walworth*, 226 Wis. 2d 320, 326, 595 N.W.2d 42 (Ct. App. 1999), which held that the 30 day time limit involved in a certiorari review would take precedence over the 120 days a municipality has to disallow a claim. Later in this opinion, we discuss the availability of certiorari review to the Thorps with regard to their procedural due process claim. However, since the Thorps did not avail themselves of certiorari review, the court of appeals' decision in *Kapischke* is inapplicable in this instance.

flawed and unscientific survey. Fifth, the letter alleged that the Town Board knew the Thorps' property was not suitable to being classified as general agricultural. Finally, the rezoning "resulted in a substantial loss of value per acre" for the Thorps' property and other properties in the Town. (R. at 10:6.) As a result of the specificity with which the Thorps set forth their claims in their letter, the Town and the County were able to evaluate and investigate the Thorps' claims. The minutes from the Town Board's meeting, for instance, demonstrate that the Town reviewed the Thorps' letter of intent to rezone and that a discussion ensued before a vote was taken. (R. at 1:14.)

¶ 27. We also note that the Thorps alternatively complied with subsection (1)(a) by providing actual notice of the claim without prejudice to the Town or the County. The Thorps argued before the circuit court that the defendants were not prejudiced by a lack of formal notice, because the Thorps had corresponded with the defendants on numerous occasions and presented their case before them in person. In short, the Town and the County could not have been prejudiced because "they were part of the entire process." (R. at 24:6.) In *DNR v. City of Waukesha*, 184 Wis. 2d at 197, we determined that the City of Waukesha was not prejudiced by the state's failure to formally notify the city. The city was not prejudiced, we held, because the state and the city had been in contact for four years over the city's inability to comply with water safety standards. *Id.* Similarly, in this case, the Thorps waited to file their complaint with the circuit court until they had exhausted their options for administrative review with the Town and the County. Therefore, we conclude that the Town and the County were not

prejudiced by the Thorps' lack of a more formal notice than the one that the letter provided.

¶ 28. Subsection (1)(b) is the notice of claim provision. *DNR v. City of Waukesha*, 184 Wis. 2d at 197. This provision affords a municipality the opportunity to compromise and settle a claim. *Vanstone*, 191 Wis. 2d at 593. A notice must substantially comply with each of the four requirements listed in subsection (1)(b).[10] *DNR v. City of Waukesha*, 184 Wis. 2d at 197–98. A notice must 1) state a claimant's address, 2) include an itemized statement of the relief sought, 3) be presented to the appropriate clerk, and 4) be disallowed by the governmental entity. Wis. Stat. § 893.80(1)(b). We follow two principles when analyzing whether the Thorps satisfied the requirements of § 893.80(1)(b). *DNR v. City of Waukesha*, 184 Wis. 2d at 198. The notice must provide enough information to apprise a governmental entity of the budget it will need to set aside in case of litigation or settlement. *Id.* (citing *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 55, 357 N.W.2d 548 (1984)). The notice should also "be construed so as to preserve bona fide claims." *Id.*

¶ 29. The Thorps also complied with the requirements listed in Wis. Stat. § 893.80(1)(b). First, the Thorps' November 1994 letter to the Town and the County contained the address of the Thorps' attorney. A notice may satisfy the first requirement by listing the address of the claimant's attorney. *DNR v. City of Waukesha*, 184 Wis. 2d at 198.

¶ 30. Second, the letter contained an itemized account of the relief sought. A notice of claim must state the requested relief in terms of a specific dollar

---

[10] We note our earlier decision that "only substantial, and not strict, compliance with notice statutes is required." *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 55, 357 N.W.2d 548 (1984).

amount. *Id.* at 199. In this case, the letter estimated the loss to the Thorps as a result of the changed zoning. It stated that

> the net effect of the recent rezoning action taken by the Town and County has resulted in a substantial loss of value per acre of not only the Thorp property, but many of the other properties in the Town of Lebanon. I [the Thorps' attorney] have been informed by local appraisers in your area that agricultural/farmland sells for approximately $850.00 to $1,000.00 per acre. On the other hand, rural development zoned land sells for approximately $3,000.00 to $4,000.00 per acre. As a result thereof, the recent rezoning ordinance has dropped the value of the Thorp property by more than 50%.

(R. at 10:6.) The letter also noted that the Thorps' property consists of 255 acres of land. (R. at 10:5.) Finally, the Thorps' attorney stated that the purpose of the letter was to request the Town to rezone the Thorps' property. Certainly, the letter provided enough information to notify the Town and the County of the budget it would need to set aside in case of litigation or settlement. As such, we conclude that the letter sufficiently stated an itemized request for relief.

¶ 31. Third, the letter was submitted to the appropriate individuals. We have found substantial compliance with the third requirement when the claimant has not presented the notice to the clerk or secretary, if the notice was presented to a "proper representative." *DNR v. City of Waukesha*, 184 Wis. 2d at 200. In that case, the state submitted its claim directly to the Waukesha city attorneys. *Id.* at 199. We stated that by failing to file with the city clerk, the claimant did not "follow the letter of the statute," but even so, the state "present[ed] the claim to a proper representative

of the city." *Id.* at 200. We held that presenting the claim to a "proper representative" was substantial compliance. *Id.*

¶ 32. In this case, the letter was addressed to several officials: Betty Balian, the Town Chairman; LeRoy Tietz, a Town Supervisor; Allen Behl, another Town Supervisor; and James Erdmann, the Executive Director of the Dodge County Planning and Development Department. A copy of the letter was also sent to Dan Creydt, the Town Planning Committee Chair; Joan Wilson, the Planning Committee Secretary; and Alfred Schoenike, a Planning Committee member. However, the letter was not sent to either the town clerk or the county clerk. While the statute was not followed literally in this case, the claim was presented to several individuals who were all involved in the rezoning effort. Under the circumstances in this case, the above-named Town and County officials were all proper representatives, and therefore, the Thorps substantially complied with the third requirement.

¶ 33. Finally, the claim was disallowed by both the Town and the County. The Town initially refused to rezone the Thorps' property for rural development, and the County flatly refused to rezone the property.

¶ 34. In sum, the Thorps satisfied the notice requirements of Wis. Stat. § 893.80(1) for the purpose of bringing any state claim.

## III.

¶ 35. We now turn to the constitutional claims presented in the Thorps' complaint.[11] We must determine whether the Thorps' complaint stated any claims for relief. On the second appeal, the court of appeals reviewed this case using standards appropriate for a dismissal motion, even though the circuit court and the parties treated the appeal as a review of a summary judgment motion. *Thorp*, 225 Wis. 2d at 684. The court of appeals did so because the Town and the County did not submit evidentiary materials in support of or in opposition to the motion. *Id.* We employ the same reasoning and thus the same approach as the court of appeals. The legal sufficiency of a complaint presents an issue of law, which we review *de novo. Irby v. Macht*, 184 Wis. 2d 831, 836, 522 N.W.2d 9 (1994) (overruled on other grounds, *Sandin v. Conner*, 515 U.S. 472 (1995)). In making our determination of the complaint's legal sufficiency, we accept the facts pleaded,

---

[11] We treat the Thorps' claims under the federal Constitution consistently with their claims under the state constitution because ordinarily there is no discernible difference in intent between the Equal Protection and Due Process Clauses under the Wisconsin Constitution and the United States Constitution. *Compare* U.S. Const. amend. XIV *with* Wis. Const. art. I, §§ 1, 8. *State v. Agnello*, 226 Wis. 2d 164, 180–81, 593 N.W.2d 427 (1999) (stating that "[w]here. . .the language of the provision in the state constitution is 'virtually identical' to that of the federal provision or where no difference in intent is discernible, Wisconsin courts have normally construed the state constitution consistent with the United States Supreme Court's construction of the federal constitution") (citing *State v. Tompkins*, 144 Wis. 2d 116, 133, 423 N.W.2d 823 (1988)).

and the reasonable inferences that may be drawn from those facts, as true. *Id.*

¶ 36. The Thorps alleged that the zoning ordinance was invalid and violated their right to equal protection, substantive due process, and procedural due process. We conclude that the complaint stated a claim for deprivation of equal protection, but not a claim for deprivation of procedural or substantive due process. We first address the equal protection claim.

## THE EQUAL PROTECTION CLAIM

¶ 37. The Equal Protection Clause ensures that people will not be discriminated against with regard to " 'statutory classifications and other governmental activity.' " *Jackson v. Benson*, 218 Wis. 2d 835, 901, 578 N.W.2d 602 (1998) (quoting *Harris v. McRae*, 448 U.S. 297, 322 (1980)); U.S. Const. amend. XIV, Wis. Const. art. I, § 1. *See also Browndale v. Board of Adjustment*, 60 Wis. 2d 182, 203–04, 208 N.W.2d 121 (1973) (stating that in the context of zoning ordinances, equal protection must be granted to those individuals who are similarly situated and who cannot be reasonably distinguished).

¶ 38. Generally, two levels of judicial scrutiny are applied to equal protection challenges.[12] *State ex*

---

[12] We note that the federal and state Equal Protection Clauses are interpreted in an equivalent manner. *In re Hezzie R.*, 219 Wis. 2d 848, 893, 580 N.W.2d 660 (1998). The United States Supreme Court has also employed a middle level of scrutiny, in which a governmental entity must demonstrate the " 'important governmental objectives' " served by the classification, and the substantial relationship between " 'discriminatory means employed' " and " 'the achievement of those objectives.' " *United States v. Virginia*, 518 U.S. 515, 533 (1996). This level of scrutiny has been applied to official classifications based on

*rel. Watts v. Combined Community Serv.*, 122 Wis. 2d 65, 81 n.8, 362 N.W.2d 104 (1985). The first level of scrutiny applies to statutes (or ordinances) that involve "fundamental interests or rights,. . .suspect classifications or 'discrete and insular minorities.' " *Id.* (quoting *United States v. Carolene Prod. Co.*, 304 U.S. 144, 153 n.4 (1938)). If a statute or governmental activity applies to one of the protected classes, a reviewing court applies a strict scrutiny test. *In re Hezzie R.*, 219 Wis. 2d 848, 894, 580 N.W.2d 660 (1998). For a statute or ordinance to pass constitutional muster under strict scrutiny, a governmental entity "must prove that the classification is necessary to promote a 'compelling governmental interest'. . . ." *Id.* (quoting *State v. Post*, 197 Wis. 2d 279, 319, 541 N.W.2d 115 (1995)); *State ex rel. Watts*, 122 Wis. 2d at 81 n.8. Further, the classification must be carefully tailored so that the statute or ordinance uses the least drastic means to achieve the compelling state interest. *See State ex rel. Watts*, 122 Wis. 2d at 82.

¶ 39. Nowhere have the Thorps alleged that they belong to a suspect class such as a racial minority. *See Jackson*, 218 Wis. 2d at 901–02. Moreover, it has been held that zoning does not involve fundamental rights. *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1239 (9th Cir. 1994), *cert. denied* 513 U.S. 870 (1994). Because neither a suspect class nor a fundamental right is implicated in this case, the strict scrutiny test does not apply to the ordinance at issue.

¶ 40. The second level of scrutiny applies "[w]here a suspect class or fundamental interest is not

gender. *Id.* at 532. *See also State ex rel. Watts v. Combined Community Serv.*, 122 Wis. 2d 65, 82 n.8, 362 N.W.2d 104 (1985) (suggesting that the middle level of scrutiny could be applied to a classification based on mental illness).

involved. . . ." *State ex rel. Watts*, 122 Wis. 2d at 82 n.8. This level of scrutiny involves a rational basis test, wherein classifications are upheld "if they are in any way rationally related to the asserted purpose of the legislation." *Id.*; *In re Hezzie R.*, 219 Wis. 2d at 894 (quoting *State v. McManus*, 152 Wis. 2d 113, 131, 447 N.W.2d 654 (1989)). The statute (or ordinance) must only meet a legitimate state interest. *Id.* We have also stated the test in terms of whether a legislative enactment is "reasonable and practical" in light of the government's objective in creating the legislation. *In re Hezzie R.*, 219 Wis. 2d at 895 (quoting *McManus*, 152 Wis. 2d at 131).

■

¶ 41. Therefore, the Thorps' complaint must allege facts that the ordinance is not rationally related to its purpose. We conclude that the Thorps have alleged sufficient facts to state a claim for deprivation of equal protection.[13] The following allegations from the complaint support the Thorps' claim that the ordinance lacks a rational basis:

---

[13] The Thorps alleged that the County Board violated their right to equal protection by not conducting a fair and impartial hearing. First, they alleged in subpart (f) of the first claim that Betty Balian, a member of both the Town Board and the County Board, as well as the County Planning and Surveyor Committee, was clearly biased against rural development. Therefore, the Thorps alleged, her participation in the rezoning violated the Thorps' right to a fair and impartial hearing. Second, in a separate claim, the Thorps alleged that the County Planning and Surveyor Committee Chairman misrepresented its vote regarding the rezoning. They also further characterized Balian's participation in the rezoning as improper. We do not address these allegations with regard to equal protection, however, because the Thorps have not requested such review by this court, and it was not an issue presented to the court of appeals.

(b) The highest and best suited use of the Plaintiffs' property is not agricultural, but rather rural development. The Plaintiffs' land is hilly, rocky and has a light gravel soil base which dries out after any type of rain. The soil is very erodible. Part of the Plaintiffs' property is located within wet lands.

(c) In adopting the new zoning map, the Town and County left numerous 'islands' throughout the Town that have not been rezoned and have been left with a rural development classification without any logical explanation. Some of the land that has kept its rural development classification is even more suitable for agricultural and farming than the Plaintiffs' own property. To that extent, there has been discriminatory zoning.

(R. at 1:4.) It appears from these pleadings, which we must accept as true, that the ordinance may not be "rationally related to the public health, safety, morals, or general welfare" of the Town of Lebanon residents. *State ex rel. Grand Bazaar v. Milwaukee*, 105 Wis. 2d 203, 211, 313 N.W.2d 805 (1982). The pleadings indicate that the Town may have engaged in wholesale rezoning efforts, without examining the particular suitability of the land to its zoned usage.

¶ 42. Citing case law from the Seventh Circuit and the District Court for the Eastern District of Wisconsin, the County argues that "[t]he Thorps do not allege any intentional discrimination based on their membership in a particular group" and that the Thorps' allegations merely amount to claims of imperfect zoning. (Resp't County Br. at 9–11.) We have already established that the first level of scrutiny applicable to suspect classifications is not at issue in this case. As such, the Thorps' membership in a group

636

or class is irrelevant to a determination of whether a rational basis exists for the ordinance, since the question of a suspect class is not involved in application of the rational basis test. *See Penterman*, 211 Wis. 2d at 483–84.

¶ 43. The County also argues that the Thorps are barred from making an equal protection claim because they did not avail themselves of an adequate state law remedy, namely certiorari review under Wis. Stat. § 68.13. In support of that proposition, the County notably cites to *Weber*, 129 Wis. 2d at 76, and *Davis v. City of Elkhorn*, 132 Wis. 2d 394, 398, 393 N.W.2d 95 (Ct. App. 1986). However, these cases dealt with procedural due process violations, not equal protection violations. As we will discuss later, the availability of certiorari review satisfies the requirement for procedural due process, *Irby*, 184 Wis. 2d at 843, but it does not satisfy the requirement for equal protection. The Thorps brought a § 1983 claim requesting money damages. While it is possible to make an equal protection argument under certiorari review, *see e.g., State ex rel. Madison Landfills, Inc. v. Dane County*, 183 Wis. 2d 282, 285, 515 N.W.2d 322 (Ct. App. 1994), monetary damages are not one of the forms of relief Wis. Stat. § 68.13 authorizes a court to grant. Wisconsin Stat. § 68.13(1)—Judicial Review—states in pertinent part that a court "may affirm or reverse the final determination, or remand to the decision maker for further proceedings consistent with the court's decision." Monetary damages are therefore not available to a plaintiff seeking relief under § 68.13. However, such a plaintiff could join a claim for monetary damages with a Chapter 68 certiorari review, but is not required to do so. *Hanlon v. Town of Milton*, 2000 WI 61, ¶ 4, 235 Wis. 2d

597, 612 N.W.2d 44. Because the Thorps could not have received adequate relief by certiorari review of their equal protection violation claim, we conclude that their § 1983 action was not barred by the existence of a state law remedy in this instance.

¶ 44. Finally, we note that the burden on a plaintiff to prove that an ordinance lacks a rational relationship to a valid governmental objective is difficult. The rational basis test has been characterized as creating a "frequently insurmountable task" for the challenger of an ordinance to prove "beyond a reasonable doubt that the ordinance possesses no rational basis to any legitimate municipal objective." *Grand Bazaar*, 105 Wis. 2d at 209. Moreover, ordinances enjoy a presumption of validity, even when they are challenged on the basis of equal protection. *State v. Post*, 197 Wis. 2d 279, 301, 541 N.W.2d 115 (1995). An opponent of an ordinance must establish the ordinance's unconstitutionality beyond a reasonable doubt. *Id.*; *Kmiec v. Town of Spider Lake*, 60 Wis. 2d 640, 651, 211 N.W.2d 471 (1973). We agree with the court of appeals, however, that our determination relates to the sufficiency of the Thorps' pleadings, not their ability to prove an equal protection claim. *Thorp*, 225 Wis. 2d at 692. As such, the "frequently insurmountable" presumptions and burdens associated with the rational basis test do not apply at this point in the inquiry. *Grand Bazaar*, 105 Wis. 2d at 209.

## THE SUBSTANTIVE DUE PROCESS CLAIM

¶ 45. Second, the Thorps did not state a claim for violation of substantive due process. The Substantive Due Process Clause also emanates from the Fourteenth Amendment. *Penterman*, 211 Wis. 2d at 480.

*See also* Wis. Const. art. I, § 8. It protects individuals against governmental actions that are arbitrary and wrong, " 'regardless of the fairness of the procedures used to implement them.' " *Id.* Substantive due process forbids a government from exercising "power without any reasonable justification in the service of a legitimate governmental objective." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). A substantive due process claim may apply to a violation of property interests.[14] *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1480 (7th Cir. 1990). *See also Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d Cir. 1988) (when a party may have been denied a building permit because of "impermissible political animus," the party may claim a violation of substantive due process); *Bello v. Walker*, 840 F.2d 1124, 1129–30 (3d Cir. 1988), *cert. denied*, 488 U.S. 851 (1988) (a party may bring a substantive due process claim if evidence shows the denial of a permit for "partisan political or personal reasons"); *Scott v. Greenville County*, 716 F.2d 1409, 1420–21 (4th Cir. 1983) (a party's substantive due process claim was allowed when a county moratorium on building permits appeared to be intended only for the party's application). In *Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926), the United States Supreme Court first articulated the Substantive Due Process Clause in relationship to a zoning ordinance. It stated that a zoning ordinance is unconstitutional when its "provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health,

---

[14] The Seventh Circuit requires a "plaintiff [to] show either a separate constitutional violation or the inadequacy of state law remedies," besides showing the arbitrary and irrational nature of a decision. *Polenz v. Parrott*, 883 F.2d 551, 558–59 (7th Cir. 1989).

safety, morals or general welfare." *Id.* at 395. The *Euclid* test was later affirmed in *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977); *Village of Belle Terre v. Boraas*, 416 U.S. 1, 3–5 (1974); and *Nectow v. City of Cambridge*, 277 U.S. 183, 187 (1928).

¶ 46. This court has stated that when evaluating a substantive due process claim, a plaintiff must demonstrate that he or she has been deprived of a liberty or property interest that is constitutionally protected. *Penterman*, 211 Wis. 2d at 480. *See also Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). A property interest is constitutionally protected if "state law recognizes and protects that interest." *Penterman*, 211 Wis. 2d at 480.

¶ 47. The Thorps argue that they have alleged a deprivation of substantive due process in both their first and third claims. The first claim relates to the invalidity of the zoning ordinance, and the third claim relates to the denial of a fair and impartial hearing.

¶ 48. We address the allegations contained in the claim relating to the invalidity of the ordinance first. In their complaint, the Thorps stated that their substantive due process rights were violated because the Town failed to comply with the five member zoning committee requirement as set forth in Wis. Stat. § 60.61(4). The alleged violation of § 60.61(4) relates to the procedures used to create the zoning ordinance, not the property interest the Thorps have in their land. In *Roth*, 408 U.S. at 577–78, the United States Supreme Court held that an assistant professor at the University of Wisconsin-Oshkosh did not have a property interest in his employment because his tenure was not secured by state statute or university rule. Likewise, in this case the Thorps do not have a property interest in

their land which was secured by § 60.61(4) or similar state statute. Section 60.61(4) involves procedures for enacting town zoning ordinances.

¶ 49. The Thorps also alleged that the Town and the County misinterpreted and misused the various surveys that were conducted before the rezoning was implemented. Similarly, we agree with the court of appeals that the Thorps' allegations do not constitute a violation of substantive due process. *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield*, 907 F.2d 239, 245 (1st Cir. 1990) (stating that a governmental entity does not have to justify its actions by the use of any specific studies).

¶ 50. Finally, we note the similarity between the test for a violation of equal protection and substantive due process: one test deals with the rational basis for a statute or ordinance, while the other test deals with the arbitrariness of the statute or ordinance. *See* Daniel R. Mandelker, *Land Use Law*, § 2.47 (4th ed. 1997). Here, the court of appeals found that the Thorps' remaining allegations supporting a substantive due process claim were better suited to their equal protection claim, and therefore, did not permit the Thorps to use the allegations to support both claims. *Thorp*, 225 Wis. 2d at 699. We agree. In *Sacramento*, the United States Supreme Court expressed its reluctance to expand the concept of substantive due process and stated that " 'where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.' " 523 U.S. at 842. Because the factual allegations pertaining to the classification of the Thorps' property and other Town properties support the Thorps' equal protection claim,

641

we necessarily do not address them with regard to the substantive due process claim.

¶ 51. We also do not address the allegations in the complaint relating to the denial of a fair and impartial hearing at this point in our analysis. The denial of a fair and impartial hearing implicates the procedural component of due process, not the substantive component. *See Goldberg v. Kelly*, 397 U.S. 254, 271 (1970).

¶ 52. We conclude that the Thorps' complaint does not make any allegations that the zoning ordinance was clearly arbitrary and unreasonable.

## THE PROCEDURAL DUE PROCESS CLAIM

¶ 53. Third, the Thorps have not stated a claim for relief under the Procedural Due Process Clause. Like equal protection and substantive due process rights, procedural due process rights emanate from the Fourteenth Amendment. *Penterman*, 211 Wis. 2d at 473. *See also* Wis. Const. art. I, § 8. The procedural due process clause protects individuals from governmental "denial of fundamental procedural fairness." *Sacramento*, 523 U.S. at 845–46. "[A] plaintiff must show a deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Id.* (citing *Zinermon v. Burch*, 494 U.S. at 125). The requirement of procedural due process is met if a state provides adequate post-deprivation remedies. *Irby*, 184 Wis. 2d at 843.

¶ 54. The state provides an adequate post-deprivation remedy in the form of certiorari. *See State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549–50, 185 N.W.2d 306 (1971). The adequate post-deprivation remedy available to the Thorps was to petition for certiorari review under Wis. Stat. § 68.13.

¶ 55. In this case, the Thorps alleged that they were denied the right to a fair and impartial hearing, in violation of their procedural due process rights. There is no indication in the complaint that the Thorps sought certiorari review under either the statute or the common law. The complaint neither cited to Wis. Stat. § 68.13, nor did it state that certiorari review was requested. Moreover, the Thorps failed to comply with the requirements of § 68.13 because they did not seek review within 30 days of the final determination.

¶ 56. Citing *Tobler v. Door County*, 158 Wis. 2d 19, 25, 461 N.W.2d 775 (1990), the Thorps argue that by filing an ordinary summons and complaint they commenced a review by writ of certiorari. However, *Tobler* is distinguishable because in *Tobler*, the complaint specifically "asked the circuit court to issue a writ of certiorari and to review the decision of the Door County Board of Adjustments." 158 Wis. 2d at 20–21. Here, the Thorps did not ask for issuance of a writ of certiorari in their complaint. As such, the Thorps did not meet the requirements of either statutory or common law certiorari. Because the Thorps did not use the available state law remedy, they may not now claim that they were denied procedural due process.

IV.

¶ 57. The last issue we address is the dismissal of the Town of Lebanon. The court of appeals concluded that the circuit court properly dismissed the Town from any constitutional deprivations on the basis that the Town voted to grant the Thorps' rezoning request. However, the court of appeals found that the Town could not be dismissed on that basis as to the equal

protection claim, since that claim related to the invalidity of the ordinance itself. We agree with the court of appeals. The Town was involved in the development of the revised zoning map. As such, the Thorps may be entitled to relief from the Town if they succeed in their equal protection claim. *See Zinn v. State*, 112 Wis. 2d 417, 423, 334 N.W.2d 67 (1983) (stating that a party may only be dismissed if a complaint clearly shows that the plaintiff will not be entitled to relief from the party).

## V.

¶ 58. We conclude that the Thorps have stated a claim for relief alleging violation of equal protection. However, they are barred from asserting a claim for either substantive or procedural due process. Their factual allegations do not support a claim for substantive due process, and the availability of a remedy by certiorari satisfies the procedural due process requirements. We also conclude that the Thorps are not in violation of statutory notice requirements. According to *Felder*, the federal constitutional claims brought under 42 U.S.C. § 1983 do not have to comply with the Wisconsin notice statute, Wis. Stat. § 893.80(1). Furthermore, the Thorps satisfied the requirements of § 893.80(1). Finally, we conclude that the Town should not be dismissed from this action because the Thorps may be entitled to relief from the Town on their equal protection claim.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 59. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring)*. I join the majority opinion

except for the discussion about substantive due process. I write separately to state that I would adopt the court of appeals discussion of the plaintiffs' substantive due process claim, *Thorp v. Town of Lebanon*, 225 Wis. 2d 672, 697–99, 593 N.W.2d 878 (Ct. App. 1999), in lieu of the discussion in the majority opinion at ¶¶ 45–52.

¶ 60. I agree with the court of appeals, 225 Wis. 2d at 697–99, that the law is unsettled about whether a zoning challenge can state a claim for violation of substantive due process. The majority dismisses the plaintiffs' substantive due process claim based on the alleged violation of Wis. Stat. § 60.61(4) by noting that the statute does not secure plaintiffs with property rights in their land. Majority op. at ¶ 48. The opinion's language suggests that plaintiffs need a statutorily created right to have a property interest in their land. I disagree.

¶ 61. For the reasons stated, I join the opinion except for the paragraphs relating to substantive due process. I would adopt the opinion of the court of appeals on this issue.

¶ 62. I am authorized to state that Justices ANN WALSH BRADLEY and DIANE S. SYKES join this concurrence.