Louis KAPISCHKE and Susan Kapischke, Plaintiffs-Appellants,†

v.

COUNTY OF WALWORTH and Walworth County Park and Planning Commission, Defendants-Respondents.

Court of Appeals

No. 98–0796. Submitted on briefs January 20, 1999.—Decided April 7, 1999.

(Also reported in 595 N.W.2d 42.)

†Petition to review denied.

321

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Patrick J. Hudec* and *Gabrielle Boehm* of *Hudec Law Offices, S.C.* of East Troy.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Gary Rehfeldt*, assistant corporation counsel of Walworth county.

On behalf of Wisconsin Counties Association an amicus curiae brief was filed by *John J. Prentice* and *Andrew T. Phillips* of *Prentice & Phillips* of Milwaukee.

Before Brown, Nettesheim and Anderson, JJ.

NETTESHEIM, J. Louis and Susan Kapischke appeal from a circuit court judgment affirming the Walworth County Park and Planning Commission's denial of their request for a conditional use permit.[1] The Kapischkes sought to build a 350-foot multiple use communication tower on property that was zoned for agricultural use. On appeal, they argue that the Commission's denial: (1) violates the mandate of the Telecommunications Act of 1996, 47 U.S.C.A. § 332 (West 1991 & Supp. 1999); (2) is inconsistent with the Walworth County zoning ordinance standards; (3) is contrary to law; and (4) is not supported by substantial evidence. We reject each of the Kapischkes' arguments. We affirm the judgment.

In November 1995, the Kapischkes filed an application with the Commission for a conditional use permit to construct a 350-foot multiple use communication tower on property zoned for agricultural use. Following a public hearing in January 1996, the Com-

---

[1] The Walworth County Park and Planning Commission is now known as the Walworth County Department of Planning and Development.

mission denied the Kapischkes' request. The Kapischkes appealed the Commission's decision to the circuit court. On January 21, 1997, the court determined that the Commission had failed to consider the Telecommunications Act (TA) before denying the permit. The court remanded the matter to the Commission. The court additionally ordered the Commission to follow the standards for issuing a conditional use permit as set forth in WALWORTH COUNTY, WIS., ZONING ORDINANCE § 4.2 (hereinafter ORDINANCE § 4.2).

In response, the Commission held a second public hearing. On March 21, 1997, the Commission again denied the Kapischkes' request. It cited the following reasons for its denial:

1. Detrimental aesthetic effect on the community.

2. Whether the tower will be a new or used tower. Applicant failed to give clear answers at the public hearing.

3. The potential loss of agricultural land. The applicant's statements at the public hearing leave open the option for additional towers on this parcel requiring additional conversion of agricultural land.

4. The lack of specified users. The applicant failed to provide documentation on potential tower users.

5. Concerns regarding access to the parcel should there be multiple users.

6. The applicant has not evaluated the potential use of several nearby existing towers for antenna placement.

The Kapischkes filed for a certiorari review of the Commission's decision. On January 15, 1998, the circuit court filed a written decision upholding the Commission's denial. The court determined that "[t]he Commission tried its best to balance the needs of the public consistent with the Telecommunications Act and the rights of property owners in the area of the proposed conditional use under the Walworth County Zoning Ordinance." The court additionally determined that substantial evidence supported the Commission's decision because the Kapischkes had failed to provide the Commission with adequate countervailing information. The court stated, "Looking at the totality of the fact-finding hearing and the position of the Commissioners at the deliberation hearing . . . it is clear that the Commission's determination was a reaction to the evidence and not to any predisposition to deny the permit. . . . [T]he Commission based its decision on the evidence and was clearly within the law."

On February 4, 1998, the circuit court filed its findings of fact, conclusions of law and judgment restating its reasons for upholding the order. The Kapischkes appeal.

## DISCUSSION

We begin by rejecting two threshold issues raised by the Commission. First, it argues that this court lacks subject matter jurisdiction to hear claims brought under the TA. Second, the Commission contends that the Kapischkes have failed to comply with § 893.80(1), STATS., which requires claimants to first file a notice of claim with an officer of the municipality before filing suit. *See DNR v. City of Waukesha,* 184 Wis. 2d 178, 183, 515 N.W.2d 888, 890 (1994).

We turn first to the Commission's challenge to our jurisdiction.[2] Pursuant to § 332(c)(7)(B)(v) of the TA, a claim alleging a violation of the TA may be brought against states and their political subdivisions. The Commission argues that because this section was enacted without congressional authority to abrogate a state's sovereign immunity, it is void and unenforceable. *See Seminole Tribe v. Florida,* 517 U.S. 44 (1996).

■

However, the instant action is not a proceeding brought under the TA. Rather, this is an action for certiorari review of the Commission's denial of the Kapischkes' application for a conditional use permit. Although the Kapischkes cite to certain provisions of the TA in support of their arguments, their claim remains a certiorari review of the Commission's actions.[3] We conclude that we have subject matter jurisdiction in this case.

Next, the Commission contends that the action is premature because the Kapischkes did not comply with the notice of claim statute, § 893.80, STATS. That statute requires a claimant to first file a notice of claim with an officer of the municipality before filing suit. *See*

---

[2] The Wisconsin Counties Association has filed an amicus curiae brief arguing in support of the Commission's jurisdictional challenge.

[3] We note that this is not the first certiorari review raising issues that implicate the TA. In *Westel-Milwaukee Co. v. Walworth County,* 205 Wis. 2d 244, 253–54, 556 N.W.2d 107, 110–11 (Ct. App. 1996), we reversed the denial of a conditional use application and remanded so that the Commission could consider the matter in light of the recently enacted TA. Our remand of the matter implies that subject matter jurisdiction is present when the permit applicant challenges the actions of the Commission on grounds that invoke provisions of the TA.

*id.* at subsec. (1). The municipality then has 120 days to disallow the claim. *See id.* at subsec. (1g). In arguing for the application of the notice of claim statute, the Commission relies on the supreme court's holding in *DNR.* There the court held that "the notice of claim statute . . . applies in all actions, not just in tort actions." *DNR,* 184 Wis. 2d at 183, 515 N.W.2d at 890.

However, the supreme court has since limited its holding in *DNR.* In *State ex rel. Auchinleck v. Town of LaGrange,* 200 Wis. 2d 585, 588, 547 N.W.2d 587, 588 (1996), the supreme court held that "both the open meetings and open records laws are exempt from the notice provisions of § 893.80(1) because the policy of public access to governmental affairs which underlies those laws would otherwise be undermined." The court reasoned that the notice of claim statute, which delays the filing of potential claims in order to afford the municipality an opportunity to settle the claim, conflicted with the "procedures for immediate relief" set forth under the open records law. *See Auchinleck,* 200 Wis. 2d at 593, 547 N.W.2d at 590. Therefore, the court held that the specific provisions set forth in the open records law take precedence over the general notice provisions set forth in § 893.80(1).

Here, we are faced with the application of § 59.694(10), STATS., which governs certiorari reviews of county zoning decisions. It provides in relevant part that "[a] person aggrieved by any decision of . . . any officer, department, board or bureau of the municipality, may, within 30 days after the filing of the decision in the office of the board, commence an action seeking the remedy available by certiorari." Clearly these time limits conflict with the notice provisions of § 893.80(1), STATS., which provide that before an individual may maintain an action against a municipality, the munici-

pality must be notified of the claim and disallow it. Pursuant to § 893.80(1g), the municipality has 120 days to disallow the claim.

"It is a cardinal rule of statutory construction that upon comparing a general statute and a specific statute, the specific statute takes precedence." *Auchinleck,* 200 Wis. 2d at 595–96, 547 N.W.2d at 591. Because the Kapischkes' action is one in certiorari, we conclude that the provisions of § 59.694(10), STATS., take precedence over those set forth in § 893.80, STATS. In so concluding, we have not frustrated the purpose § 893.80, which is to give municipalities an opportunity to address the merits of a claim. In a certiorari review setting, the agency has already acted before the action is commenced at the circuit court level. The purpose of a certiorari review is simply to obtain judicial review of agency action and not to commence an original action based on claims unknown to the agency.

In *Auchinleck,* the supreme court recognized that in certain cases it would be necessary to limit the broad language of *DNR* in order to avoid statutory conflict. This is such a case. We conclude that § 893.80, STATS., does not govern certiorari actions brought pursuant to § 59.694(10), STATS.

We therefore turn to the merits of the Kapischkes' claims. When conducting statutory certiorari judicial review, our standard of review of the circuit court's ruling is de novo. *See Nielsen v. Waukesha County Bd. of Supervisors,* 178 Wis. 2d 498, 511, 504 N.W.2d 621, 626 (Ct. App. 1993). Our review of a certiorari action is limited to determining: (1) whether the board kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbi-

trary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that the board might reasonably make the order or determination in question. *See id.* We accord a presumption of correctness and validity to the decision of the board when reviewing a decision by statutory certiorari. *See id.* Thus, the board's findings will not be disturbed if any reasonable view of the evidence sustains them. *See Snyder v. Waukesha County Zoning Bd. of Adjustment,* 74 Wis. 2d 468, 476, 247 N.W.2d 98, 103 (1976).

The Kapischkes argue that the Commission's decision violates the mandate of the TA and the standards for a conditional use permit set out in the zoning ordinance. Specifically, the Kapischkes contend that the Commission's decision (1) unreasonably discriminates against them contrary to 47 U.S.C.A. § 332(c)(7)(B)(i)(I), (2) is not supported by substantial evidence contrary to 47 U.S.C.A. § 332(c)(7)(B)(iii), and (3) fails to track the appropriate standards under ORDI-NANCE § 4.2.

Before we address these specific arguments, we make an important initial observation about this case. The Kapischkes' recurring argument is that the Commission failed to provide adequate reasons for its decision. However, the Kapischkes fail to appreciate that they failed on a threshold basis to provide the Commission with sufficient evidence demonstrating that their proposed use of the property satisfied the conditional use provisions of the zoning ordinance. *See Delta Biological Resources, Inc. v. Board of Zoning Appeals,* 160 Wis. 2d 905, 910–14, 467 N.W.2d 164, 166–68 (Ct. App. 1991) (the burden rests on the applicant to prove that the proposed use of the land accords with the zoning plan). The Kapischkes' failure to sat-

isfy this burden lies at the heart of our affirmance as to all of the issues.

The Commission set forth several reasons for denying the Kapischkes' application for a conditional use permit.[4] First, the Commission found that the tower would have a detrimental aesthetic effect on the community and its potential impact on property values. The hearing record reflects that citizens present at the public hearing expressed concerns regarding the aesthetic impact of the tower on the surrounding farmland and on land values.[5] Pursuant to ORDINANCE § 4.2, the Commission may authorize a conditional use permit if the conditional uses and structures are "in accordance with the purpose and intent of the Ordinance and are found to be not hazardous, harmful, offensive or otherwise adverse to the environmental quality . . . or property values in the county and its communities." The purpose of the ordinance, as defined in ORDINANCE § 1.3, "is to promote the *aesthetics*, and general welfare of Walworth County and its communities." (Emphasis added.) The intent of the ordinance is to "Regulate the Use of all structures [and to] Stabilize

---

[4] One of the reasons cited by the Commission in its decision was "[w]hether the tower will be a new or used tower. Applicant failed to give clear answers at the public hearing." However, the Commission does not argue this reason in support of its decision on appeal. From this we infer that the Commission does not rely on this finding as a basis for its decision. Therefore, we need not address it.

[5] The Kapischkes complain that these were merely "generalized concerns" by certain members of the public. But aesthetic concerns are, by their very nature, highly subjective and will often be expressed in "generalized" terms. Moreover, generalized or not, the Commission was required to address aesthetic considerations under § 4.2 of the zoning ordinance.

and Protect the natural beauty and property values of the County." *Id.* at § 1.4. We conclude that the Commission properly considered these concerns in light of ORDINANCE § 4.2.

In addition, the Commission found that the tower would result in a loss of agricultural land. The Kapischkes contend that this loss would be insignificant—only seven to ten acres of a thirty-five-acre parcel. However, the Walworth County ordinance expressly instructs the Commission to consider whether the proposed use of the zoned land will be adverse to the environmental quality of the property in question. Joe Kopecky, a Commission member, noted that the 350-foot tower proposed by the Kapischkes would not be consistent with the Town's land use plan. In that plan, the land in question "is destined to become and remain agricultural, not business zoning." The Commission properly considered this factor.

The Commission also based its denial on the Kapischkes' failure to provide sufficient evidence regarding: (1) potential users of the tower, (2) means of access to the tower, and (3) evaluation of the potential use of nearby existing towers. The Kapischkes contend that these reasons are not supported by the evidence and that they run afoul of the TA's policy to promote telecommunications competition.

We fully acknowledge the TA's policy to encourage competition among telecommunications providers. However, the TA also emphasizes the preservation of local zoning authority in such matters. "Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities." 47 U.S.C.A.

§ 332(c)(7)(A) (West Supp. 1999). The TA then provides that the state or local government or instrumentality thereof "(I) shall not unreasonably discriminate among providers of functional equivalent services; and (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services." *Id.* at § 332(c)(7)(B)(i)(I), (II). It additionally provides that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." *Id.* at § 332(c)(7)(B)(iii).

Thus, the Commission was required to balance the policies that are expressly set out in the TA with it's further responsibility, also expressly recognized in the TA, to properly administer the county's zoning ordinance. In performing this balancing test, the Commission found the Kapischkes' evidence wanting (and for the most part nonexistent) regarding potential uses of the tower, means of access to the site, and the potential use of nearby existing towers. As such, we cannot say that the Commission's denial of the conditional use permit "unreasonably discriminate[s] among providers of [telecommunication] services" or "prohibit[s] or [has] the effect of prohibiting the provision of personal wireless services." *Id.* at § 332(c)(7)(B)(i)(I), (II).[6]

---

[6] Both the Commission and the Wisconsin Counties Association argue that the Kapischkes have not demonstrated that they are "providers" of personal wireless services such that they are entitled to the protections afforded by the TA. Because we conclude that the Kapischkes did not provide sufficient evidence supporting their permit application, we need not address this issue.

However, the Kapischkes contend that a conditional use permit application does not require that the names of potential users be provided. In addition, they argue that the TA does not require a telecommunications provider to evaluate existing towers prior to erecting an additional tower. While those general statements are accurate, they do not follow that such information may never be relevant in a particular case under particular facts.

Here, the Commission's inquiries and concerns about these factors were understandable. Indeed, ORDINANCE § 4.2, which governs the review and approval of conditional uses, provides that the Commission "shall review the site [and] existing and proposed structures." The Commission certainly had the authority both under the TA and under the zoning ordinance to inquire whether there was, in fact, a need for the proposed use. That need could be demonstrated either by identifying proposed users of the proposed tower or by evaluating the use of existing towers. However, none of this information was forthcoming from the Kapischkes.

██ The onus was on the Kapischkes, as the permit applicant, to provide the Commission with evidence demonstrating that a denial would violate the TA or the Walworth County ordinances. *See Delta Biological Resources*, 160 Wis. 2d at 910–14, 467 N.W.2d at 166–68. We conclude that the Kapischkes failed to do so. Because there is no evidence that the Commission's decision violated the TA or the Walworth County ordinances, we further reject the Kapischkes' contention that the Commission failed to act according to law in denying the conditional use permit.

Finally, the Kapischkes contend that the Commission's decision is not supported by substantial

evidence. This argument brings us back to our initial comment when we opened this discussion. The Kapischkes' argument overlooks the burden of proof aspects of this case. The circuit court determined that substantial evidence supported the Commission's decision because the Kapischkes had failed to provide the Commission with adequate evidence in support of their conditional use request. We agree.

## CONCLUSION

We conclude that the Commission's denial of the Kapischkes' application for a conditional use permit did not violate the TA or the Walworth County ordinances. We further conclude that the Commission acted according to law in arriving at its decision. Finally, we conclude that the Commission's decision is supported by substantial evidence. We affirm the judgment upholding the Commission's denial of the Kapischkes' application for a conditional use permit.

*By the Court.*—Judgment affirmed.