Marvin HERMAN, Richard Hummel, Jack Fleming II, Jay Goethal, Lawrence Malsch, and Town of Delavan, Plaintiffs-Appellants,

v.

COUNTY OF WALWORTH, Walworth County Land Management Committee, Zoning Manager of Walworth County Department of Planning, Zoning, and Sanitation, Rulo Clark, Charlotte Peterson, Gregory Halden, Jerome Palzkill, Richard Kuhnke, Sr., Richard Gramse, and Nancy Gramse, Defendants-Respondents.

Court of Appeals

*No. 2004AP2080. Submitted on briefs April 14, 2005. —Decided July 13, 2005.*

2005 WI App 185

(Also reported in 703 N.W.2d 720.)

449

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Steven R. Wassel* and *Steven C. Harvey* of *Wassel Law Offices*, Delavan.

On behalf of the defendants-respondents County of Walworth, Walworth County Land Management Committee, Zoning Manager of Walworth County Department of Planning, Zoning, and Sanitation, Rulo Clark, Charlotte Peterson, Gregory Halden, Jerome Palzkill, and Richard Kuhnke, Sr., the cause was submitted on the brief of *Mari E. Nahn*, Deputy Corporation Counsel, Walworth County Corporation Counsel's Office.

On behalf of the defendants-respondents Richard Gramse and Nancy Gramse, the cause was submitted

on the brief of *Daniel S. Draper* of *Gagliardi, O'Brien, Braden, Olson & Capelli*, Lake Geneva.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. SNYDER, J.   The Town of Delavan, together with five members of the Town Board, appeal from a judgment and an order upholding the Walworth County Land Management Committee's (now known as the Walworth County Zoning Authority) approval of Richard and Nancy Gramses' conditional use permits. The disputed permits satisfied the requirements of the Walworth County shoreland zoning ordinance but violated the Town of Delavan land division ordinance and master plan. The Town petitioned for certiorari review of the County Zoning Authority's decision. The Town contends that the County Zoning Authority violated WIS. STAT. ch. 236 (2003–04),[1] improperly favored the County's ordinance over the Town's ordinance, and failed to accord the Town's master plan sufficient deference. We disagree and affirm the judgment and order of the circuit court.

## FACTS

¶ 2.   The Gramses own two adjacent parcels of lakefront property in the Town of Delavan.[2] One parcel is approximately 67,000 square feet and the other is just under 69,000 square feet. Each has approximately forty-one to forty-three feet of lake frontage and both are zoned R-2, Single Family Residential District (Sewered). The Gramses propose to place one condominium,

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] Walworth County tax parcels FBA 00008 and FBA 00009.

consisting of two residential units, on each lot. The Gramses filed an application for a conditional use permit for each parcel with the County Zoning Authority.

¶ 3. On August 21, 2003, the County Zoning Authority held a public hearing on the Gramses' applications. The Delavan Town Chairman, Marvin Herman, attended the hearing and objected to the permits, arguing that they violated the Town's master plan. Herman stated that the master plan restricts development to single-family residences, with one residential unit per 40,000 square feet of property. The Gramses' proposed development would allow approximately 34,000 square feet per residential unit. Herman also stated that the Gramses' plan failed to comply with the Town's land division ordinance. He argued that because the Gramses' proposed development provided only forty-one feet of lake frontage per parcel, it failed to meet the Town's land division ordinance requirement of 100 feet.

¶ 4. A local resident also spoke in opposition to the Gramses' applications. John Pelletier stated that he owned property approximately 120 feet west of the proposed development and was concerned about the potential erosion of the "small-town character of Delavan Lake." He submitted a petition signed by thirty-four residents who opposed the Gramses' applications.

¶ 5. Nonetheless, the County Zoning Authority approved the Gramses' conditional use permits on a vote of four to one. It observed that under the County's current R-2 zoning, the Gramses could put one residential unit per 15,000 square feet of property and therefore the proposed development allowed "twice the required density of the R-2 District" as well as a sufficient setback from the lakeshore.

¶ 6. The Town petitioned for certiorari review, arguing that the County Zoning Authority "must give due deference by consideration of the mandates of the Town's master plan." The Town also reiterated its position that the proposed condominium development violated its land division ordinance. The Town sought an order declaring the County Zoning Authority's approval illegal and a permanent injunction restraining the Gramses from proceeding with the development so long as it violated the Town's master plan and land division ordinance.

¶ 7. The circuit court determined that the County Zoning Authority's actions were in accordance with applicable law and supported by ample evidence. The court upheld the approval of the Gramses' conditional use permits and granted judgment in favor of the County. The Town appeals.

## DISCUSSION

¶ 8. The Town frames the appellate issue as follows: Did the County Zoning Authority err by granting the Gramses' permits where the applicants proposed to divide one lakefront lot into two parcels for condominium development and the proposal complied with the County shoreline zoning ordinance but violated the Town's land division ordinance and the Town's master plan? It claims error in several respects. First, the Town claims that, by authority granted under WIS. STAT. § 236.45(2)(a), its land division ordinance and master plan control the minimum lake frontage and lot size requirements for residential development. It also contends that our supreme court's decision in *Wood v. City of Madison*, 2003 WI 24, 260 Wis. 2d 71, 659 N.W.2d 31, requires the County Zoning Authority to assure that the Gramses' proposal complies with the Town's land

use ordinances. It further contends that the County Zoning Authority arbitrarily and unreasonably accepted the characterization of the Town's master plan as merely advisory, thereby denying the Town the right to regulate subdivision development within its boundaries. Finally, the Town accuses the County Zoning Authority of failing to properly consider the evidence before it.

## Standard of Review

¶ 9.  On appeal from a judgment entered on certiorari from an administrative agency's determination, we review the record of the agency rather than the findings or judgment of the circuit court. *Id.*, ¶ 12. Certiorari review requires us to ask:   (1) whether the agency kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably have made the order or determination in question. *Kapischke v. County of Walworth*, 226 Wis. 2d 320, 327–28, 595 N.W.2d 42 (Ct. App. 1999). The decision of the agency is entitled to a presumption of correctness and validity. *Id.*

## Applicability of Wis. Stat. ch. 236

¶ 10.  The Town first argues that the Gramses' proposed development violates the Town's land division ordinance and master plan. The Gramses' proposal provides approximately 34,000 square feet of property per residential unit, but the Town's master plan re-

quires 40,000 square feet. There is no dispute that the proposed use of the Gramses' property meets the County's R-2 zoning requirement of 15,000 square feet of property per unit. The Gramses' proposed development provides forty-one feet of lake frontage per parcel, but the Town's land division ordinance requires 100 feet of lake frontage.

¶ 11. The Town argues that under WIS. STAT. § 236.45, the more restrictive requirements of its land division ordinance and master plan must control. Section 236.45(2)(a) states that "any . . . town . . . which has established a planning agency may adopt ordinances governing the subdivision or other division of land which are more restrictive than the provisions of this chapter." The Town contends that compliance with its master plan and land division ordinance is therefore mandatory.

¶ 12. In support of its position, the Town directs us to *Town of Sun Prairie v. Storms*, 110 Wis. 2d 58, 327 N.W.2d 642 (1983), where our supreme court stated that "the regulation of minimum lot size is one of the 'further requirements' that a local government may impose on a subdivider pursuant to [WIS. STAT.] sec. 236.45." *Town of Sun Prairie*, 110 Wis. 2d at 65. The Town also argues that its "100 foot minimum lake frontage requirement per dwelling is essentially a lot width requirement, and therefore appropriately regulated by the Town's subdivision ordinance" under § 236.45(2)(b), which directs that § 236.45 "shall be liberally construed."

¶ 13. The County responds that WIS. STAT. ch. 236 is inapplicable because the Gramses' conditional use permits do not contemplate the subdivision of land as defined in WIS. STAT. § 236.02(12):

"Subdivision" is a division of a lot, parcel or tract of land by the owner thereof or the owner's agent for the purpose of sale or of building development, where:

(a) The act of division creates 5 or more parcels or building sites of 1 1/2 acres each or less in area; or

(b) Five or more parcels or building sites of 1 1/2 acres each or less in area are created by successive divisions within a period of 5 years.

The Town emphasizes that WIS. STAT. § 236.45(2)(a) expressly addresses "the subdivision or other division of land" and argues that the Gramses' proposal falls under the "other division of land." We disagree. Although this language broadens the application of § 236.45 to divisions of land that may fall outside of the definition of "subdivision," it still contemplates "divisions of land into parcels." Sec. 236.45(2)(a). Nothing in the Gramses' applications for conditional use permits requires a division of land. The only question before the County Zoning Authority was whether the Gramses' proposed development was an appropriate conditional use of their two existing lots. Therefore, we hold that § 236.45 does not apply.

*The Town's Master Plan Under Step Now and Wood*

¶ 14.    The Town also argues that the County Zoning Authority misconstrued the law when it considered the Town's master plan as simply advisory rather than mandatory. It speculates that the County Zoning Authority's decision was based on "an erroneous reading" of *Step Now Citizens Group v. Town of Utica Planning & Zoning Committee*, 2003 WI App 109, 264 Wis. 2d 662, 663 N.W.2d 833. Although the transcript of

457

the hearing contains no reference to *Step Now*, we note that the Town's master plan was described as a "guide," which is consistent with our holding in that case. *Step Now* addressed a decision by the Town of Utica and Winnebago County to rezone the subject property from agricultural use to industrial use to facilitate the construction of an ethanol plant. *Id.*, ¶ 1. In our decision, we discussed the role of a master plan developed pursuant to the comprehensive planning provisions of WIS. STAT. § 66.1001.[3] *Step Now*, 264 Wis. 2d 662, ¶¶ 38–39. We concluded that "a land use plan is not mandatory but merely advisory." *Id.*, ¶ 38.

¶ 15.   The Town posits that any reliance on *Step Now* was improper because of our supreme court's decision in *Wood*. The Town points to *Wood* for the proposition that "[a]pproval of any plat is also conditioned on compliance with any subdivision ordinance validly enacted by the appropriate municipality, town, or county." *Wood*, 260 Wis. 2d 71, ¶ 15. The Town argues that both *Step Now* and *Wood* "relate to land regulation" and "[t]he only way to harmonize them is to hold *Step Now* inapplicable herein, because that case did not involve real property subject to further regulation under Ch. 236, Stats."

---

[3] WISCONSIN STAT. § 66.1001(1)(a) defines a "comprehensive plan" as follows:

1. For a county, a development plan that is prepared or amended under s. 59.69(2) or (3).

2. For a city or a village, or for a town that exercises village powers under s. 60.22(3), a master plan that is adopted or amended under s. 62.23(2) or (3).

3. For a regional planning commission, a master plan that is adopted or amended under s. 66.0309(8), (9) or (10).

¶ 16. We see no need to harmonize the two. As our supreme court recognized, "zoning and subdivision plat approval authority are different types of land use controls." *Wood*, 260 Wis. 2d 71, ¶ 33. Nonetheless, our supreme court concluded that "WIS. STAT. ch. 236 does authorize a municipality to reject a preliminary plat . . . based upon a subdivision ordinance that considers the plat's proposed use." *Wood*, 260 Wis. 2d 71, ¶ 37. Here, the Town erroneously invokes the legal rule of *Wood*. The Gramses have applied for conditional use permits but have not submitted a plat for approval. Also, we have already determined that ch. 236 does not pertain to the facts at hand. Our holding in *Step Now* applies and the County Zoning Authority properly acknowledged that the Town's master plan was not mandatory. *See Step Now*, 264 Wis. 2d 662, ¶ 38.

*Shoreland Zoning Conflicts*

■

¶ 17. The Town argues that its land division ordinance prohibits the Gramses from developing lots with less than 100 feet of lake frontage. The Town's land division ordinance states as follows:

> LAKE AND STREAM ACCESS. No land shall be developed as a condominium or planned development . . . in such manner as to give access to any lake or stream . . . to more than one family for each unit of lake or stream frontage equaling in width the minimum required width of a lot under the Walworth County Shoreland Zoning Ordinance for the zoning district in which the land is located.

The Town's appendix includes a document labeled "Land Division Ordinance" with the handwritten notation "100 FT. = minimum width under R-2." We note

that the Town's ordinance addresses lake frontage width, but the County shoreland zoning ordinance appears to address lot width. The Town does not make the distinction clear and does not develop any argument from which we can infer that the Gramses' proposed development violates the County's shoreland zoning ordinance.[4] Therefore, we consider the Town's position only to the extent that it implicates the Town's ability to regulate shoreland zoning where a county shoreland zoning ordinance exists.

¶ 18. Our legislature has given shoreland zoning authority to counties. WISCONSIN STAT. § 59.692(1m) states that "each county shall zone by ordinance all shorelands in its unincorporated area." The statutes also provide that ordinances enacted under a county's shoreland zoning powers "shall not require approval or be subject to disapproval by any town or town board." Sec. 59.692(2)(a).[5] Furthermore, "[i]n counties having a county zoning ordinance, no zoning ordinance or amendment of a zoning ordinance may be adopted under this section unless approved by the county

---

[4] The two parcels are pie-shaped lots with the narrow end along the lake, and each has approximately forty-one to forty-three feet of lake frontage; the widest point of each lot measures just over 151 feet.

[5] We recognize that "[i]f an *existing* town ordinance relating to shorelands is more restrictive than an ordinance *later enacted* under this section affecting the same shorelands, it continues as a town ordinance in all respects to the extent of the greater restrictions, but not otherwise." WIS. STAT. § 59.692(2)(b) (emphasis added). Here, we need not address whether § 59.692(2)(b) prefers the Town's lake frontage restrictions to the County's shoreland zoning ordinance because the Town has not demonstrated that its provision predates the County's shoreland zoning ordinance.

board." Wıs. Stat. § 60.62(3). The Town's desired zoning restrictions were never adopted by the County Board.[6] Accordingly, the County Zoning Authority applied the current Walworth County zoning ordinance and ultimately approved the Gramses' proposed conditional use.

¶ 19. Because the Town's master plan is advisory rather than mandatory, and because the Town's land division ordinance was never adopted by the County Board, the County's shoreland zoning ordinance controls. The County Zoning Authority properly applied the law when it approved the Gramses' applications.

*Arbitrary or Unreasonable Decision and Failure to Consider Evidence*

¶ 20. The Town further contends that the County Zoning Authority acted in an arbitrary, oppressive or unreasonable manner. For support, it resubmits its previous contentions and concludes that the County Zoning Authority "obviously felt bound to approve the permit . . . despite [its] manifest desire to deny the permit." The Town also speculates that had the County Zoning Authority "exercised its judgment, from the deliberations, it seems likely that the proposal would have been denied . . . ." The Town seems to argue that where a board acts reluctantly, it also acts arbitrarily, oppressively, or unreasonably. The Town cites no legal authority for its position. We will not consider argu-

---

[6] During its deliberations, the County Zoning Authority noted that the Town had influenced the creation of a different zoning designation known as R-2A. There is no indication, however, that the Town proposed any change to the County's R-2 zoning requirements.

ments unsupported by legal reasoning; therefore, our consideration of this issue ends here. *See Brandon Apparel Group, Inc. v. Pearson Props., Ltd.*, 2001 WI App 205, ¶ 16 n.6, 247 Wis. 2d 521, 634 N.W.2d 544.

¶ 21. Finally, the Town states that the County Zoning Authority failed to properly consider the evidence and thereby failed to properly decide the issue at hand. More specifically, the Town contends that the County Zoning Authority erred when it failed to consider the master plan as, at a minimum, an advisory tool. The Town then asserts that the County Zoning Authority "wrestled with the conflict between shoreland zoning, master plans and subdivision ordinances, but misapplied the law, electing to completely ignore any restrictions created by the Town of Delavan. This is the hallmark of a failure to act reasonably." We disagree.

¶ 22. As the Town describes, and the record reveals, the County Zoning Authority did indeed "wrestle" with, or at least discuss, the master plan and ordinances relevant to the Gramses' applications. The members reviewed drawings and a videotape of the property. They heard testimony from the Gramses' lawyer, the Town chairman, and a local resident who also presented a petition signed by thirty-four residents opposed to the Gramses' applications. The County Zoning Authority ultimately decided that the Town's master plan could not overcome the County's R-2 zoning ordinance and determined that the Gramses' applications met the County's zoning criteria. The agency's determination will not be disturbed if any reasonable view of the evidence sustains it. *Kapischke*, 226 Wis. 2d at 328. We conclude that the County Zoning Authority properly considered the evidence and we will not disturb the result.

## CONCLUSION

¶ 23.   The County Zoning Authority's decision is entitled to a presumption of correctness and validity. *See id.* Because we conclude that the County Zoning Authority properly applied the law and exercised its judgment in considering the evidence before it, we affirm.

*By the Court.*—Judgment and order affirmed.