COURT OF APPEALS
DECISION
DATED AND FILED

June 24, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP924**

Cir. Ct. No. 2024CV38

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

JOSEPH WROBLEWSKI AND BRIAN WROBLEWSKI,

PLAINTIFFS-RESPONDENTS,

V.

GREEN LAKE COUNTY ZONING BOARD OF APPEALS,

DEFENDANT-APPELLANT,

LITTLE GREEN LODGE, LLC,

INTERESTED PARTY-APPELLANT.

---

APPEAL from an order of the circuit court for Green Lake County: GUY D. DUTCHER, Judge. *Affirmed.*

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Little Green Lodge, LLC (LGL) seeks to replace a fishing/storage shed along the shoreland of Little Green Lake with a tiki bar, outdoor bathrooms, and a walk-in cooler.  Joseph and Brian Wroblewski (the Wroblewskis) own real estate directly adjacent to and contiguous with the LGL property.  After the local zoning commission granted LGL a conditional-use permit (CUP) allowing it to move ahead with the tiki-bar plans, the Wroblewskis filed an appeal to the Green Lake County Board of Appeals, also known as the Board of Adjustment, (the BOA) which affirmed the grant of the CUP.  The Wroblewskis then petitioned the circuit court for certiorari review of the BOA's decision, and both the BOA and LGL opposed the Wroblewskis' petition.  After briefing and oral argument, the court entered an order reversing the BOA's decision and denying the CUP.

¶2     The BOA and LGL now appeal from the circuit court's order to this court.  They argue the Wroblewskis lack standing to challenge the decision.  They further assert that the BOA rationally and reasonably concluded that LGL's tiki bar, outdoor bathrooms, and walk-in cooler constitute lawful accessory structures and accessory uses and that the CUP was, therefore, properly granted.  For the reasons that follow, we disagree with their arguments and affirm the circuit court's order of reversal.

## BACKGROUND

¶3     The LGL property is on Little Green Lake and was a tavern in the 1970s.  It was purchased by LGL's predecessor-in-interest in 2001, and the tavern burned down in 2004.  Shortly thereafter, the then-owners applied for two CUPs with Green Lake County to rebuild the bar and restaurant and operate a motel above the bar and restaurant.  At all material times during that owner's operation

of the bar and restaurant, there existed a fishing/storage shed located approximately 20 feet from the shoreland of Little Green Lake and 6 feet from the Wroblewskis' adjacent side yard. The shed was used for storage throughout this period.

¶4    In 2023, LGL purchased the property at issue. LGL was able to and did receive a permit to replace the existing fishing/storage shed on the same footprint within the shoreland district because the shed had existed on the property prior to 2001, when the zoning ordinances were changed.

¶5    About a month later, LGL applied for a CUP from the Green Lake County Land Use Planning & Zoning Committee ("LUPZC") to change the use of the fishing/storage shed into a tiki bar for the purposes of serving alcohol to the public. The application admits LGL's intention is to convert the shed into a tiki bar to serve alcohol to the public, complete with outdoor bathrooms and a walk-in cooler. Prior to receiving a CUP, LGL opened the tiki bar and served alcohol from a trailer adjacent to and on the property line of the Wroblewskis.

¶6    After the LUPZC approved the CUP, the Wroblewskis filed an appeal to the BOA challenging the issuance of the CUP. In support of their appeal to the BOA, the Wroblewskis provided letters expressly detailing the legal reasoning as to why the BOA cannot approve a conditional use permit for the conversion of the fishing/storage shed into a tiki bar as requested by LGL. The letters further explained why the outdoor bathrooms and an outdoor walk-in cooler as a conditional use were an illegal expansion of the CUP ordinance for the C-1 General Commercial zoning district. LGL asserted the BOA could change the use from a storage shed to a tiki bar simply because it is "incidental" to the approved

conditional use as a hotel and restaurant. The BOA rejected the Wroblewskis' arguments, and approved the CUP.

¶7 On certiorari review, the circuit court found that the Wroblewskis have standing to challenge the grant of the CUP to LGL. It further held that the BOA's decision was in violation of the applicable ordinances and caselaw considerations. After the court reversed the BOA decision, the BOA and LGL appealed to this court.

¶8 We include additional facts below as necessary.

## DISCUSSION

¶9 Local zoning ordinances often distinguish between permitted uses and conditional uses. Green Lake County ordinances include such a distinction. When a zoning ordinance identifies a permitted use in the zoning district, that use is allowed to a landowner as of right. *Town of Rhine v. Bizzell*, 2008 WI 76, ¶19, 311 Wis. 2d 1, 751 N.W.2d 780. In contrast, when a conditional use is identified in a zoning ordinance, the use is one "that a community recognizes as desirable or necessary" in the zoning district, but that "the community will sanction only in a controlled manner." *Id.*, ¶20. This requires an additional level of decision-making about whether to grant or deny a CUP and, in those cases in which a CUP might be granted, whether to include specific conditions. *Id.*, ¶¶21-24; *Zwiefelhofer v. Town of Cooks Valley*, 2012 WI 7, ¶41, 338 Wis. 2d 488, 809 N.W.2d 362 (observing "[i]t has become increasingly common for zoning ordinances to allow for uses that are conditionally permitted, which gives local officials the power to make decisions on an individual, ad hoc basis."). Thus, like many jurisdictions, Green Lake County guarantees landowners the right to conduct permitted uses on their lands, but requires them to seek and justify a CUP to allow a conditional use.

4

The parties identify several issues in connection with the BOA's decision to grant LGL a CUP to operate the tiki bar and the related accompaniments.

¶10    We first briefly address the argument of the BOA and LGL that the Wroblewskis lack standing to bring this certiorari-review action.  Citing to the standard from *Friends of the Black River Forest v. Kohler Co.*, 2022 WI 52, 402 Wis. 2d 587, 977 N.W.2d 342, they claim "the Wroblewskis have failed to show any injury and, therefore, are not aggrieved by the [BOA]'s decision to grant the CUP to LGL."  *See id.*, ¶18 (explaining standing to bring certiorari-review action requires that "'the decision of the agency directly causes injury to the interest of the petitioner' and second 'whether the interest asserted is recognized by law.'" (citations omitted)).  However, applying this standard, we reach the opposite conclusion—the Wroblewskis indeed have standing.

¶11    As to the second prong enumerated above, the Wroblewskis clearly have an interest "recognized by law."  To be specific, when a CUP is applied for, applicable zoning ordinances require as follows:

> [S]pecial notice shall be given of any such public hearing by mail to all persons living within the boundaries of the lot or tract to be affected by any proposal for which the Land Use Planning and Zoning Committee's approval is required and to all other persons living outside of such boundaries and within 300 feet thereof.

GREEN LAKE COUNTY, WIS., CODE, ch. 350, art. VII § 350-54C. (2025).[1]  There is no doubt that the second prong from *Friends of the Black River Forest* is satisfied here; the Wroblewskis' property is within six feet of the proposed tiki-bar site.

---

[1] All references to the Green Lake County Code are to the online register last revised December 16, 2025 (https://ecode360.com/GR2053) ("GREEN LAKE CODE").

*See id.*, ¶18. As we now explain, it is equally as clear that the Wroblewskis meet the first prong.

¶12 We observed above that the Wroblewskis' complaint centers around the fact that they are an adjacent property owner directly impacted by the decision to expand the nonconforming use of the fishing/storage shed into a tiki bar. As noted, the BOA and LGL argue that the Wroblewskis have failed to allege any injury that they have suffered from the conversion of the fishing/storage shed into a tiki bar. In support of their position, they cite to several social media reviews from past Airbnb renters of the Wroblewskis' that spoke positively about the tiki bar. However, as our supreme court has stated, "the right of a landowner 'to prevent irreparable injury to his property when the injury threatened is special and different from that of the general public.'" *Jelinski v. Eggers*, 34 Wis. 2d 85, 91, 148 N.W.2d 750 (1967) (citation omitted) (allowing an adjacent property to sue when the defendant built their garage in violation of the setback requirement of the zoning ordinance). "Such property right can be protected by injunction when threatened by a violation of a zoning ordinance and it is not necessary for the party seeking relief to show that the action violating the ordinance is a nuisance per se." *Id.*

¶13 In this case, we conclude that the Wroblewskis have standing to challenge the CUP because the grant of the CUP will cause the loss of use and enjoyment of their property. They will undoubtedly experience an impact from the nonconforming use of a structure that is located six feet from their property line. The Wroblewskis do not live down the street or across the lake from Little Green Lodge; they are in direct proximity of, and therefore impacted by, the granting of the CUP. The fact that certain people who do not own property adjacent to the tiki bar may view it positively does not negate the impact of the

structure on the rights of the Wroblewskis or other adjacent neighbors. Along those lines, one does not need to stretch his or her imagination to envision situations that might arise at a tiki bar and outdoor bathrooms that would have negative consequences for neighboring properties.

¶14 Turning to the remaining arguments, we first note that, while the decision of the BOA is entitled to a presumption of correctness and validity, *see Kapischke v. County of Walworth*, 226 Wis. 2d 320, 328, 595 N.W.2d 42 (Ct. App. 1999), it "must apply the appropriate legal standards and adequately express the reasons for its decision on the record[,]" *see Driehaus v. Walworth County*, 2009 WI App 63, ¶13, 317 Wis. 2d 734, 767 N.W.2d 343. When we review the decision of an entity such as the BOA, we will conclude the entity commits reversible error if it exceeds its jurisdiction, incorrectly applies controlling legal principles, acts arbitrarily by exercising its judgment instead of its will, or bases its decision on insufficient evidence. *See Oneida Seven Generations Corp. v. City of Green Bay*, 2015 WI 50, ¶41, 362 Wis. 2d 290, 865 N.W.2d 162. In this instance, the Wroblewskis do not challenge the jurisdiction of the BOA to grant the CUP under the applicable ordinances, but they do argue the BOA failed to act in accordance with the law in granting LGL the CUP to run the tiki bar. Our analysis focuses on this consideration.[2]

---

[2] The Wroblewskis challenge the decision under additional certiorari standards, asserting that it was arbitrary and represented the BOA's will and not its judgment, and it was unsupported by substantial evidence. Finally, they argue that certain members of the BOA should have recused themselves from proceedings related to this CUP due to bias. Although the Wroblewskis raise, and the parties address, such additional issues, we need not address them because our conclusion that the BOA's decision was not made in accordance with the law is dispositive of this appeal. *See*, *e.g., Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (explaining if decision on one point disposes of an appeal, this court will not decide other issues raised).

¶15 A board proceeds on a correct theory of law when it relies on the applicable ordinances and cases and applies them properly. *Smart v. Dane Cnty. Bd. of Adjustments*, 177 Wis. 2d 445, 452-54, 501 N.W.2d 782 (1993). "[B]oard(s) of adjustment (are) not authorized to rewrite the law, but rather, to apply it." *State v. Waushara Cnty. Bd. of Adjustment*, 2004 WI 56, ¶13, 271 Wis. 2d 547, 679 N.W.2d 514 (citation omitted).

¶16 Based on our review, we conclude that the BOA applied incorrect theories of law in deciding to grant the CUP. To be specific, it expanded a nonconforming structure and nonconforming use to allow the conversion of the fishing/storage shed into a tiki bar within the 75-foot setback of Little Green Lake and within the 12-foot side yard setback from the Wroblewskis' property.[3] It also inappropriately expanded the allowable conditional uses to include a tiki bar, outdoor bathrooms, and a walk-in cooler in applying the C-1 General Commercial zoning district CUP ordinance.

¶17 The rules of construction for statutes also apply to municipal ordinances. *Bruno v. Milwaukee County*, 2003 WI 28, ¶6, 260 Wis. 2d 633, 660 N.W.2d 656. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citing *Bruno*, 260 Wis. 2d 633, ¶¶8, 20).

---

[3] GREEN LAKE CODE ch. 350, art. III § 350-20(B) requires a minimum of twelve feet for side yard setbacks in a commercial district.

¶18    WISCONSIN STAT. § 59.692(1)(bn) (2023-24)[4] defines "[s]horeland setback area" as the "area in a shoreland that is within a certain distance of the ordinary high-water mark in which the construction or placement of structures has been limited or prohibited under an ordinance enacted under this section." *Id.* Section 59.692(1n)(d)(1)-(8) and GREEN LAKE CODE ch. 338, art. VI § 338-32A. prohibit all structures and buildings, unless otherwise exempt, from the shoreland setback, which is 75 feet from the ordinary high-water mark. The limited set of exempt structures that are permitted within the shoreland setback are the following:

"**(a)** Boathouses";

"**(b)** Open-sided and screened structures, such as gazebos, decks, patios, and screen houses";

"**(c)** Broadcast signal receivers, including satellite dishes or antennas";

"**(d)** Utility transmission and distribution lines, poles, towers, water towers, pumping stations, well pump house covers, private on-site wastewater treatment systems …, and other utility structures";

"**(e)** One walkway, stairway or rail system is allowed per lot or parcel"; and

"**(f)** Devices or systems used to treat runoff from impervious surfaces."

GREEN LAKE CODE ch. 338, art. VI § 338-32A.(1)(a)-(f).

---

[4] All references to the Wisconsin Statutes are to the 2023-24 version.

¶19     Nonconforming uses are the "use of land, a dwelling, or a building that existed lawfully before the current zoning ordinance was enacted or amended, but that does not conform with the use restrictions in the current ordinance." WIS. STAT. § 59.69(10).  The fishing/storage shed is located within 20 feet of the shore of Little Green Lake and six feet from the Wroblewskis' property line, both of which make the structure nonconforming.  In other words, under the current legal landscape, LGL would not be permitted to construct a fishing/storage shed located in the 75-foot setback from Little Green Lake or within 12 feet of the adjacent property, because of the above ordinance, and the fishing/storage shed was only allowed to remain on the property after LGL bought it because it predated the applicable ordinances.  *See* GREEN LAKE CODE ch. 350, art. III § 350-14A.(1) (stating "[t]he existing lawful use of a structure or premises upon the effective date of this chapter or any amendment thereto may be continued although such does not conform to the provisions of this chapter for the district in which it is located, but such nonconforming use shall not be extended.").

¶20     The ordinances also make it clear that, although LGL could continue to operate the fishing/storage shed as it has historically been used—for storage—it cannot convert the shed into a tiki bar with bathrooms.  This is because the ordinances state that "[i]f no structural alterations are made, a nonconforming use of a structure may be changed to another nonconforming use of the same or a more restricted classification."  GREEN LAKE CODE ch. 350, art. III § 350-14A.(2). The proposed change from a fishing/storage shed for fishing equipment into a tiki bar selling alcohol to the general public with a walk-in cooler and bathrooms is clearly not permitted under the ordinances.  *See **Waukesha County v. Pewaukee Marina, Inc.***, 187 Wis. 2d 18, 31, 522 N.W.2d 536 (Ct. App. 1994) ("The

violation of the nonconforming use by expansion or enlargement which changes the use invalidates the legal nonconforming use as well as the illegal change.").

¶21    To repeat, LGL is located within the C-1 General Commercial zoning district.  In this case, the BOA found that the tiki bar was an accessory use and permitted as a conditional use in the C-1 zoning district, and the bathrooms and coolers walk-in area, accessory structures and an accessory use to a hotel/tavern/restaurant, which it found was also permitted as a conditional use. However, as we explain, accessory uses are not permitted for purposes of conditional uses pursuant to the applicable ordinances.

¶22    The ordinances only permit accessory uses that are identified in the five categories of permitted uses;[5] however, that same language is not present in the conditional use portion of the ordinance.  It is undisputed that LGL operates its hotel/tavern/restaurant as a conditional use because a hotel/tavern/restaurant is not

---

[5] The six permitted uses in the C-1 General Commercial District are:

> **(1)** [a]rt shop, antique shop and gift shop[;]
>
> **(2)** [b]oat livery, service and repair shop[;]
>
> **(3)** [d]rugstore, ice cream shop, pharmacy and soft drink stand[;]
>
> **(4)** [f]ood and drug establishments (retail), delicatessens, fruit and vegetable store, grocery store, and meat and fish markets[;]
>
> **(5)** [s]igns pertaining to the conduct of a business on the premises[; and]
>
> **(6)** [s]uch accessory uses as are customary in connection with the foregoing uses and are incidental thereto."

GREEN LAKE CODE ch. 350, art. IV § 350-32A.(1)-(6).

11

a permitted use in the C-1 zoning district. *See* GREEN LAKE CODE ch. 350, art. IV § 350-32B.(1)-(8). The only reference to accessory structures in the applicable conditional use ordinance is related to municipal buildings and administrative offices, which is plainly inapplicable to the facts here.

¶23     Simply put, unambiguous language in the applicable ordinance does not allow accessory uses related to conditional uses. Our supreme court has held that conditional use permits only allow an owner "to put his property to a use which [the] ordinance expressly permits when certain conditions [or standards] have been met." *Enbridge Energy Co. v. Dane County*, 2019 WI 78, ¶36, 387 Wis. 2d 687, 929 N.W.2d 572 (second alteration in original; citation omitted). In this instance, we agree with the Wroblewskis' assessment of the applicable ordinances: "The exclusion of accessory uses in the conditional use section is not by coincidence. This is especially true because the County ordinance references accessory uses that are related to *permitted* uses. It must be that accessory uses were intentionally *excluded* as conditional uses." (Emphasis in original.)

**CONCLUSION**

¶24    In sum, we conclude that the BOA applied an incorrect theory of law when granting the CUP to LGL by considering the tiki bar, outdoor bathrooms, and a walk-in cooler "accessory uses" allowed as conditional uses in the C-1 General Commercial zoning district.  The BOA did not have the authority to expand or write in language to the ordinance and proceeded on an incorrect theory of law by doing so.  Under the relevant ordinances, accessory structures are not permitted as conditional uses, with the exception of municipal buildings.  The circuit court, therefore, properly reversed the BOA's decision granting the CUP to LGL under the circumstances.  Accordingly, we affirm.

*By the Court*.—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.